The Judges after considering this case, observed, that there were some contracts, over which the lex loci where the contract was made should be the governing rule j and others again, where the laws of another country should decide the matter in question. That in all cases where the contract is to be periormed in the country where it is made, the lex loci should be the rule of decision ; but whenever the contract is made with a view of its being performed in another country, then the law of the place where the performance is to be made, should he the true rule.
Sir John Bland’s case, referred to in 2 Burr. 10. 77. is strong in point. That there above principles are recognised by all the judges ; that where a contract was made in France, to be performed in' England, there the contract should be governed by the law of England. So in the present case, Cruger drew the bill in question in the island of St. Croix upon himself, payable in Carolina; the performance or payment was to be made here, and Cruger never could be called upon in any foreign country abroad, till there had been a default of payment here. All former contracts were done away by this new contract, and the court cannot take notice of any other, as no other is now before it.
On the subject of interest and damages, the court was of opinion, that there was no law to warrant the jury in finding them ; because, the contract being to be performed here, the laws of Carolina must regulate the transaction ; and they are silent on the subject of damages, where a man draws upon himself; and with regard to interest, no more than seven per cent, can be recovered from the time of the demand.. This contract, therefore, may well be assimilated (as was urged in the argument) to a note of hand to pay money on demand, and interest in case of non-payment is only recoverable from that day.
Rule for new trial made absolute.
All the Judges present.